IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EL PASO E&P COMPANY, L.P., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-08-2023 |
| § | | |
| INTERNATIONAL MARINE, LLC, § | | |
| *et al.*, § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

This admiralty case is before the Court on Defendants' Motion for Final Summary Judgment [Doc. # 22], to which Plaintiff filed a Response [Doc. # 26], and Defendants filed a Reply [Doc. # 30]. Also pending is Plaintiff's Motion for Partial Summary Judgment on Liability [Doc. # 29], to which Defendants filed a Response [Doc. # 31], and Plaintiff filed a Reply [Doc. # 32]. Based on a review of the full record and the application of governing legal authorities, the Court **denies** both Motions.

### I. BACKGROUND

Plaintiff El Paso E&P Company, L.P. ("El Paso") is the owner of the West Cameron 504-C Platform (the "Platform"), a fixed platform located in the navigable waters of the United States. Plaintiff alleges that Defendants International Offshore

Service, LLC ("International Offshore") and International Marine, LLC ("International Marine") were owners and operators of the M/V INT'L THUNDER, which struck the Platform on July 11, 2006. Plaintiff alleges that the allision caused structural damage to the Platform, allegedly causing Plaintiff to incur $559,273.93 in repair costs. Plaintiff filed this lawsuit on June 25, 2008, seeking recovery from Defendants for this amount.

Defendants have moved for final summary judgment based on the statute of limitations defense. Plaintiff has moved for partial summary judgment on liability, noting that it is undisputed that the allision occurred. Both motions have been fully briefed and are ripe for decision.

## II.   STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth

specific facts showing the existence of a genuine issue for trial. *See Hines v. Henson*, 293 F. App'x. 261, 262 (5th Cir. 2008) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004)). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Nat'l Union*, 532 F.3d at 401.

## III.   DEFENDANTS' MOTION

### A.   Statute of Limitations

Plaintiff filed this lawsuit under general maritime law. Defendants argue that the Outer Continental Shelf Lands Act ("OCSLA") applies instead of maritime law, and that the Louisiana one-year statute of limitations applies as surrogate federal law under OCSLA. It is undisputed that Plaintiff filed this lawsuit on June 25, 2008, more than one year after the allision on July 11, 2006.

"Three conditions must be met before state law [including a state statute of limitations] is adopted as surrogate federal law under OCSLA: '(1) The controversy must arise on a situs covered by OCSLA (i.e. the subsoil, seabed, or artificial structures permanently or temporarily attached thereto)[;] (2) Federal maritime law must not apply of its own force[; and] (3) The state law must not be inconsistent with [f]ederal law.'" *Strong v. B.P. Exploration & Prod., Inc.*, 440 F.3d 665, 668 (5th Cir. 2006) (quoting *Union Tex. Petroleum Corp. v. PLT Eng'g, Inc.*, 895 F.2d 1043, 1047 (5th Cir. 1990)). In this case, the allision occurred on the Platform, which is

permanently affixed to the seabed of the Outer Continental Shelf ("OCS") and, therefore, the first requirement is satisfied.

The second requirement, however, is not met in this case. OCSLA applies because the allision occurred with a fixed platform on the OCS. *See Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154 (5th Cir. 1996). OCSLA does not, however, "displace general maritime law." *Id.* Indeed, "where OCSLA and general maritime law both could apply, the case is to be governed by maritime law." *Id.*

Admiralty jurisdiction exists, and maritime law applies, to tort claims that involve both a maritime location and a maritime connection. *Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995). A "maritime location" exists when, as here, the tort occurred in navigable waters. *Id.* The "maritime connection" element is satisfied when the incident has "a potentially disruptive impact on maritime commerce," and the vessel's activity "on navigable waters is so closely related to activity traditionally subject to admiralty law that the reasons for applying special admiralty rules would apply in the suit at hand." *Id.* at 539-40. Clearly, an allision between a vessel and a structure in navigable waters could disrupt maritime commerce by the vessel. There is no dispute that the vessel in this case was engaged in traditional maritime activities at the time of the allision. General maritime law applies

in the case, and therefore, the second element of the test for adopting state law as surrogate federal law is not satisfied. Consequently, in this case the Louisiana one-year statute of limitations does not apply to bar Plaintiff's claim and Defendant's Motion for Final Summary Judgment on this basis is denied.

### B. <u>Laches Defense</u>

Defendants argue that, even if the Louisiana statute of limitations does not apply under OCSLA, Plaintiff's claim is nonetheless barred by the doctrine of laches as applied under general maritime law. Laches is an affirmative defense that bars the plaintiff's lawsuit when plaintiff's delay in asserting a claim results in prejudice to the defendant. *See Esso Int'l, Inc. v. SS CAPTAIN JOHN*, 443 F.2d 1144, 1150 (5th Cir. 1971). In maritime cases, the validity of a laches defense is determined by considering: "(1) whether there was delay in asserting a right or claim; (2) whether or not the delay was excusable; and (3) whether the delay resulted in undue prejudice to the party against whom the claim is asserted." *See Roland Marine & Mfg. Co., LLC v. M/V A.G. Navajo*, 2002 WL 31654952, *2 (E.D. La. Nov. 21, 2002) (citing *West Wind Africa Line, Ltd. v. Corpus Christi Marine Services, Co.,* 834 F.2d 1232, 1234 (5th Cir. 1988)).

In this case, the allision occurred on July 11, 2006, and Plaintiff filed this lawsuit on June 25, 2008, less than two years later. The Court cannot find from this

record that the delay was unreasonable and, therefore, does not grant summary judgment on Defendants' laches defense.

## IV.  **PLAINTIFF'S MOTION**

Plaintiff alleges that the allision between Defendants' vessel and the Platform caused damage to the Platform landing and a subsurface riser. It is undisputed that the allision occurred.

When an allision occurs between a moving vessel and a stationary object, there is a rebuttable presumption that the moving vessel was at fault. *See American Petrofina Pipeline Co. v. M/V Shoko Maru*, 837 F.2d 1324, 1326 (5th Cir. 1988) (citing *The Oregon,* 158 U.S. 186, 192-93 (1895)). In order to rebut the presumption, the vessel owner must prove by a preponderance of the evidence "that the collision was the fault of the stationary object, that the moving ship acted with reasonable care, or that the collision was an unavoidable accident." *Id*. Defendants have not presented evidence to rebut the presumption that the allision was the vessel's fault.

Plaintiff is also entitled to the presumption referred to as the "Pennsylvania Rule." The Pennsylvania Rule is a rebuttable presumption "that a statutory violation by a party to a collision is a cause of the damage unless it is established that the violation could not have caused or contributed to the collision." *American River Transp. Co. v. Kavo Kaliakra SS*, 148 F.3d 446, 449 (5th Cir.1998) (citing *The*

*Pennsylvania*, 19 Wall. 125, 86 U.S. 125 (1873)).  To rebut the presumption raised by the Pennsylvania Rule, the vessel owner must show that the violation of the statute could not have been a cause of the accident.  *See In re Mid-South Towing Co.*, 418 F.3d 526, 534 (5th Cir. 2005).  Plaintiff has presented uncontroverted evidence that the vessel captain violated Rule 5 of the International Regulations Preventing Collisions, 33 U.S.C. § 1602, *et seq.*, which requires a proper look-out by sight and hearing at all times.  Defendants have not presented evidence to rebut the presumption that the violation of Rule 5 caused the allision.

Defendants have presented evidence from their expert, however, that some or all of the damage to the subsurface riser predated the allision.  This evidence raises a genuine issue of material fact regarding whether the allision, which was the fault of the vessel, caused damage to the subsurface riser as Plaintiff alleges.

The uncontroverted evidence accordingly establishes that an allision between Defendants' vessel and the Platform occurred, and that the allision was the fault of the vessel.  There exists, however, a genuine issue of material fact regarding whether the allision caused damage to the subsurface riser.  As a result, summary judgment on liability is inappropriate and Plaintiff's Motion for Partial Summary Judgment on Liability is denied.

## V.    CONCLUSION AND ORDER

The Louisiana statute of limitations does not apply to bar Plaintiff's claim in this case, and Defendants have not demonstrated that Plaintiff's claim is barred as a matter of law by laches. Consequently, Defendants are not entitled to summary judgment based on their statute of limitations defense.

It is undisputed that Defendant's vessel made contact with Plaintiff's Platform. Defendants have not presented evidence to rebut the presumption that the vessel was at fault in causing the allision. There is evidence in the record, however, that raises a genuine issue of material fact regarding whether and/or to what extent the allision caused the damage to the Platform alleged by Plaintiff. As a result, summary judgment on liability is denied.

Based on the foregoing, it is hereby

**ORDERED** that Defendants' Motion for Final Summary Judgment [Doc. # 22] and Plaintiff's Motion for Partial Summary Judgment on Liability [Doc. # 29] are **DENIED**. Having ruled on these two pending motions, the Court further

**ORDERS** that the Joint Motion for Trial Continuance and Abatement of Deadlines [Doc. # 35] is **DENIED AS MOOT**, except to the extent that the deadline to complete mediation is extended to **February 17, 2010**, to accommodate the schedule of the parties' chosen mediator.

SIGNED at Houston, Texas, this **12th** day of **February, 2010**.

_____
Nancy F. Atlas
United States District Judge